IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, JR., | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| D.O. JONES et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 1:15-CV-2255-TWT-GGB |

# **FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at the Fulton County Jail in Atlanta, Georgia (the "Jail"). Plaintiff, pro se, seeks relief against several Jail officers for the alleged loss of his property when he transferred from a prison to the Jail in December 2014 and for alleged deliberate indifference to his medical needs. (Doc. 1.) Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.)

Plaintiff has filed dozens of cases, many frivolous, in the federal courts in Georgia while incarcerated. As a result, this Court found five years ago that Plaintiff is subject to the Prison Litigation Reform Act's three-strikes provision and is thus barred from proceeding IFP. Order, *Terrell v. Schwall*, No. 1:10-cv-3016-TWT (N.D. Ga. Nov. 10, 2010) (dismissing multiple cases as barred by the three-strikes provision); Order, *Terrell v. Schwall*, No. 1:10-cv-3024-TWT (N.D. Ga. Oct. 12, 2010) (same); Order, *Terrell v. Atlanta Judicial Circuit*, No. 1:10-cv-

2320-TWT (N.D. Ga. Aug. 6, 2010) (same); Order, *Terrell v. Atlanta Judicial Circuit*, No. 1:10-cv-1929-TWT (N.D. Ga. July 9, 2010) (same).  Other federal courts in Georgia have reached the same conclusion.  *See, e.g.,* Order, *Terrell v. Carter*, No. 1:14-cv-120-WLS-TQL, at *1 (M.D. Ga. Oct. 16, 2014) (noting that "Plaintiff has filed thirty-eight previous § 1983 complaints in the Northern, Middle, and Southern District Courts of Georgia"); Order, *Terrell v. Owens*, No. 5:12-cv-30-LGW-JEG (S.D. Ga. Sept. 27, 2012) (dismissing action as barred by three strikes provision).

>The three strikes clause provides:
>
>In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As discussed above, Plaintiff has filed far more than three civil actions while incarcerated that were dismissed as frivolous or for failure to state a viable claim.

As he has done in most of the numerous cases he has filed throughout Georgia, Plaintiff appears to contend in this case that he is in imminent danger of

physical harm. Plaintiff alleges that in late 2014, before he was transferred from prison to the Jail, prison officials threatened him, and that Jail inmates threatened him soon after he arrived there in December 2014. (*Id.* at 6-7.) He further contends that when he passed out on April 30, 2015 the medical emergency response team at the Jail inadequately treated him. (*Id.* at 7-8.) The most recent event about which he complains was alleged inadequate medical care on May 10, 2015. (*Id.* at 8.) Plaintiff filed his complaint on May 29, 2015. (*Id.* at 10.)

The three strikes provision's imminent danger exception applies only if an inmate faces an imminent danger of serious physical injury at the time he files his complaint. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). The exception does not apply to past harms. *Id.*; *see Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) (exception applies to "a present imminent danger, as opposed to a past danger").

Plaintiff's allegations do not support a finding that he was in imminent danger of serious physical injury when he filed his complaint. The alleged threats of physical harm occurred months before Plaintiff filed his complaint, with some of those threats allegedly occurring in prison before Plaintiff even arrived at the Jail. And Plaintiff has not shown that the inadequate medical treatment he allegedly

AO 72A
(Rev.8/82)

received three to four weeks before he filed his complaint posed a risk of serious physical harm or that he faced any such risk when he later filed his complaint. *See Terrell*, No. 5:12-cv-30-LGW-JEG (finding that Plaintiff's allegations of assaults occurring up to one month before he filed his complaint did not show an imminent danger of serious physical injury); *Terrell*, No. 1:10-cv-3024-TWT (same as to conclusory allegations of excessive force).

When the three strikes provision bars a prisoner from proceeding IFP "the proper procedure is . . . to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Id.*

Because Plaintiff is subject to the three strikes provision and has not shown that he was in imminent danger of serious physical injury when he filed his complaint, **I RECOMMEND** that he be denied leave to proceed IFP and that this action be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** this 14th day of July, 2015.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE